IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01939-ZLW-BNB

JERRY LEE ROTH,

Plaintiff,

v.

WILLIAM WILDER, in his individual capacity only,
H & H FARMS, a general partnership,
ROCCO F. MECONI, in his individual capacity only,
CYNTHIA L. MITCHELL, in her individual capacity only,
CLIFF DUNCAN, in his individual capacity only,
TOWN OF COAL CREEK, COLORADO,
CONNIE HIGGS, in her individual capacity only,
CHARLES HASTINGS, in his individual capacity only,
CAROL SIMMONS, in her individual capacity only,
JAMES L. BEICKER, in his individual capacity only,
RICHARD ALTER, in his individual capacity only, and
THE COUNTY OF FREMONT, COLORADO,

Defendants.

_____

**ORDER**
_____

This matter arises on the following motions:

1. **Petition to Remove Notices of Lis Pendens** [Doc. #58, filed 10/30/2009];

2. **Motion for Ex Parte Order to Show Cause Regarding Why Plaintiff's Notice of Lis Pendens Filed Against the Town of Coal Creek and its Representatives Should Not Be Declared Invalid and Removed** [Doc. #61, filed 11/03/2009]; and

3. **Motion to Allow Recording of Lis Pendens** [Doc. #64, filed 11/06/2009].

I held a hearing on the motions on November 20, 2009, and made rulings on the record which are incorporated here.

The plaintiff is proceeding *pro se*. He filed his Complaint on August 14, 2009 [Doc. #1]. The Complaint alleges that a storage unit owned by the plaintiff (and kept on the property of an individual who is not a party to this action) was the subject of legal proceedings which resulted in the abatement of a nuisance by having the storage unit removed. The plaintiff seeks compensatory damages in the amount of $1,000,000.00 from each defendant and punitive damages in the amount of $4,000,000.00 from each defendant.

On October 8, 2009, the plaintiff filed in this court eleven separate notices of lis pendens which provide notice "to any and all purchasers and transferees" of real properties owned by the defendants "that the property is subject to a final decision or judgment from the Court in favor of the Plaintiff." *Notice of Lis Pendents* [Docs. #38 through 48] (the "Notices").

The defendants filed motions to remove the notices of lis pendens pursuant to section 38-35-204, C.R.S., which provides:

> (1) Any person whose real or personal property is affected by a recorded or filed lien or document that the person believes is a spurious lien or spurious document may petition the district court in the county or city and county in which the lien or document was recorded or filed or the federal district court in Colorado for an order to show cause why the lien or document should not be declared invalid. The petition shall set forth a concise statement of the facts upon which the petition is based and shall be supported by an affidavit of the petitioner or the petitioner's attorney. The order to show cause may be granted ex parte and shall:
>
> (a) Direct any lien claimant and any person who recorded or filed the lien or document to appear as respondent before the court at a time and place certain not less than ten days nor more than twenty days after service of the order to show cause why the

>           lien or document should not be declared invalid and why such
>           other relief provided for by this section should not be granted;
>
>           (b) State that, if the respondent fails to appear at the time
>           and place specified, the spurious lien or spurious document will be
>           declared invalid and released; and
>
>           (c) State that the court shall award costs, including
>           reasonable attorney fees, to the prevailing party.

Section 38-35-204(1), C.R.S.

On November 20, 2009, I held a hearing on the defendants' motions to remove the plaintiff's notices of lis pendens. The plaintiff conceded at that hearing that although I did not issue an order to show cause as set forth in section 38-35-204(1), he was provided with adequate notice and opportunity to be heard regarding the defendants' motions to remove the notices of lis pendens.

Section 38-35-110, C.R.S., sets forth the circumstances under which a party to a lawsuit may file a notice of lis pendens:

>           (1) After filing any pleading in an action in any court of record of
>           this state or in any district court of the United States within this
>           state wherein relief is claimed affecting the title to real property,
>           any party to such action may record in the office of the county
>           clerk and recorder in the county or counties in which the real
>           property or any portion thereof is situated a notice of lis pendens
>           containing the name of the court where such action is pending, the
>           names of the parties to such action at the time of such recording,
>           and a legal description of the real property.

C.R.S. § 38-35-110(1).

The filing of a lis pendens is intended to give notice to the world that there is litigation pending which could impact the ownership or title to certain real property so as to avoid fraudulent or mistaken conveyances of the property. In this case, the plaintiff's lawsuit is not

directed to and does not affect real property or the title to real property; it is a lawsuit for money damages against a town, a county, and people in their individual capacities based on the removal of a storage container.

The defendants assert that the removal of the container was due to violations of the town's zoning regulations; removal was necessary to abate a nuisance; and that proceedings were brought for that purpose. The defendants further assert that a legal action was commenced against the owner of the property for abatement of the nuisance; the owner was served with the Summons and Complaint; the owner failed to answer or otherwise appear; notice of the proceedings was sent to the property owner; the owner failed to respond to the notice; and as a result an order allowing abatement of the nuisance was entered.

It is clear from the allegations of the Complaint and the defendants' description of the events that this is not an action affecting title to real property which would permit the filing of a lis pendens under section 38-35-110. Nonetheless, the plaintiff has filed in this court notices of lis pendens affecting a number of properties [Doc. #38-48].

Where notices of lis pendens are filed improperly, as here, they may be considered to be spurious documents under section 38-35-201, which defines a spurious document as "any document that is forged or groundless, contains a material misstatement or false claim, or is otherwise patently invalid." Section 38-35-201(3), C.R.S. In view of the fact that the plaintiff's notices of lis pendens do not relate to an action affecting real property, they are patently invalid and constitute spurious documents.

Section 38-35-204, C.R.S., provides:

> If, following the hearing on the order to show cause, the court determines that the lien or document is a spurious lien or spurious document, the court shall make findings of fact and enter an order and decree declaring the spurious lien or spurious document and any related notice of lis pendens invalid, releasing the recorded or filed spurious lien or spurious document, and entering a monetary judgment in the amount of the petitioner's costs, including reasonable attorney fees, against any respondent and in favor of the petitioner. A certified copy of such order may be recorded or filed in the office of any state or local official or employee, including the clerk and recorder of any county or city and county and the Colorado secretary of state.

Section 38-35-204(2), C.R.S.

Pursuant to section 38-35-204(2), the notices of liens are released. In addition, I find that there is a compelling need to seal the notices of lis pendens which are contained in the public file of this court [Docs. #38 through #48] in order to avoid any confusion as to their validity and to prevent them from having any adverse impact on the title to the affected real property. See D.C.COLO.LCivR 7.2A.

IT IS ORDERED that the following motions are GRANTED:

(1) Petition to Remove Notices of Lis Pendens [Doc. #58]; and

(2) Motion for Ex Parte Order to Show Cause Regarding Why Plaintiff's Notice of Lis Pendens Filed Against the Town of Coal Creek and its Representatives Should Not Be Declared Invalid and Removed [Doc. #61].

IT IS FURTHER ORDERED that the plaintiff's Motion to Allow Recording of Lis Pendens [Doc. #64] is DENIED.

IT IS FURTHER ORDERED that the plaintiff's notices of lis pendens [Docs. #38 through #48] are spurious under section 38-35-201(3), C.R.S., and are released pursuant to section 38-35-204(2), C.R.S.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to place under seal the plaintiff's notices of lis pendens [Docs. #38 through #48].

IT IS FURTHER ORDERED that the defendants' request for court costs and attorneys' fees is DENIED.

Dated December 2, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge