IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01939-ZLW-BNB

JERRY LEE ROTH,

Plaintiff,

v.

WILLIAM WILDER, in his individual capacity only,
H & H FARMS, a general partnership,
ROCCO F. MECONI, in his individual capacity only,
CYNTHIA L. MITCHELL, in her individual capacity only,
CLIFF DUNCAN, in his individual capacity only,
TOWN OF COAL CREEK, COLORADO,
CONNIE HIGGS, in her individual capacity only,
CHARLES HASTINGS, in his individual capacity only,
CAROL SIMMONS, in her individual capacity only,
JAMES L. BEICKER, in his individual capacity only,
RICHARD ALTER, in his individual capacity only, and
THE COUNTY OF FREMONT, COLORADO,

Defendants.

_____

## **AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER**
_____

This matter arises on the following motions (the "Motions"):

1. **County Defendants' Motion to Dismiss** [Doc. #27, filed 09/23/2009];

2. **Motion to Dismiss or Alternative Motion for Summary Judgment and Motion for Attorney Fees** [Doc. #30, filed 09/29/2010];

3. **Defendant H & H Farms' Motion to Dismiss and Motion for Attorney Fees** [Doc. #34, filed 09/30/2010]; and

4. **Defendant H & H Farms' Motion for Summary Judgment** [Doc. #35, filed 09/30/2010].

I respectfully RECOMMEND that the Motions be GRANTED and that the Complaint be DISMISSED WITH PREJUDICE.[1]

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as the advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The defendants assert that the Complaint must be dismissed on several grounds including standing, the Rooker-Feldman doctrine, and plausibility. I cannot say on the record now before me that the action must be dismissed based on standing or the Rooker-Feldman doctrine.[2] What is clear from the record, however, is that the Complaint utterly fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

The plaintiff filed his Complaint on August 14, 2009 [Doc. # 1], asserting 31 claims against 12 defendants. The Complaint is essentially devoid of any factual allegations against any defendant, but alleges:

> 15.) On December 11, 2004, Kessler Reclamation Construction Company delivered a 40 foot by 8 foot Conex storage container to 1045 Quail Ridge, Coal Creek, Fremont County. As of December 11, 2004, no codes existed in Coal Creek restricting the use of containers as storage units. In the minutes of February 16,

---

[1] The Recommendation of United States Magistrate Judge and Order is amended solely to recommend dismissal of the Complaint with prejudice (as opposed to without prejudice).

[2] I do not decide on the merits, however, if the action is barred by either of these doctrines.

> 2005 meeting, the members of the Town Council of Coal Creek
> determined that containers were acceptable as storage units and
> established criteria for their use. On August 17, 2005, during the
> Coal Creek Town meeting, Acting Town Manager, Leigh Harig
> was quoted in the minutes: "because rules were made after
> Harfert's storage box was already in place, the rules cannot be
> applied and that why I have not done anything concerning this
> matter."
>
> 16.) On November 13, 2007, at approximately 11:30 a.m., each
> Defendant in their own way contributed to the illegal seizure and
> unlawful removal of assets from Plaintiff's Remington Trust
> property located at 1045 Quail Ridge, in Coal Creek, Colorado,
> Fremont County.

Complaint [Doc. # 1] at ¶¶15-16.

The remainder of the Complaint is completely conclusory and fails to offer any explanation as to how any defendant "contributed to the illegal seizure and unlawful removal of [plaintiff's] assets . . . ."

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted). This is especially true in cases, like this one, where the defense of qualified immunity has been asserted. Id. at 1248-49.

The Tenth Circuit has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a
> complaint: if they are so general that they encompass a wide swath
> of conduct, much of it innocent, then the plaintiffs have not nudged
> their claims across the line from conceivable to plausible. The
> allegations must be enough that, if assumed to be true, the plaintiff
> plausibly (not just speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests. See <u>Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.</u>, 499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The <u>Twombly</u> Court was particularly critical of complaints that mentioned no specific time, place, or person involved in the alleged conspiracies. Given such a complaint, a defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where to begin.

<u>Id.</u> at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, the Complaint is devoid of factual detail. The plaintiff's sparse allegations regarding his claims are an unintelligible and garbled collection of conclusory statements. Accordingly, the Motions should be granted insofar as they seek dismissal of the Complaint for failure to state a claim upon which relief can be granted.

The defendants have requested an award of attorney fees. The requests are premature and are denied without prejudice. The defendants may renew their requests for attorney fees, if appropriate, after the district judge enters an order on the Motions.

For all of these reasons, I respectfully RECOMMEND that the Motions be GRANTED and that the Complaint be DISMISSED <u>WITH</u> PREJUDICE.

FURTHER, IT IS ORDERED that the defendants' requests for attorney fees are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 10, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge