IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 09-cv-01939-ZLW-BNB

JERRY-LEE ROTH,

    Plaintiff,

v.

WILLIAM WILDER, in his individual capacity only;
H&H FARMS, a general partnership;
ROCCO F. MECONI, in his individual capacity only;
CYNTHIA L. MITCHELL, in her individual capacity only;
CLIFF DUNCAN, in his individual capacity only;
TOWN OF COAL CREEK, COLORADO;
CONNIE HIGGS, in her individual capacity only;
CHARLES HASTINGS, in his individual capacity only;
CAROL SIMMONS, in her individual capacity only;
JAMES L. BEICKER, in his individual capacity only;
RICHARD ALTER, in his individual capacity only; and
THE COUNTY OF FREMONT, COLORADO,

    Defendants.
_____

ORDER
_____

    The matters before the Court are: (1) the County Defendants' Motion To Dismiss (Doc. No. 27), (2) the Motion To Dismiss Or Alternative Motion For Summary Judgment And Motion For Attorney Fees (Doc. No. 30), (3) Defendant H&H Farms' Motion To Dismiss And Motion For Attorney Fees (Doc. No. 34), and (4) Defendant H&H Farms' Motion For Summary Judgment (Doc. No. 35). These matters were referred to Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.

72, and on September 10, 2010, the Magistrate Judge issued his Amended Recommendation Of United States Magistrate Judge And Order (Doc. No. 93) (Amended Recommendation) recommending that all four motions be granted and that this action be dismissed with prejudice, and denying Defendants' requests for attorneys fees without prejudice. Plaintiff filed a timely Objection to the Amended Recommendation on September 22, 2010 (Doc. No. 94). The Court has construed liberally all of Plaintiff's filings because he is *pro se.*[1]

The Court has reviewed Plaintiff's Objection, Defendants' responses thereto (Doc. Nos. 95, 96), the Magistrate Judge's Amended Recommendation, the original motions and responsive filings, the case file, and the applicable legal authority. As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* those portions of the Amended Recommendation to which Plaintiff has objected. For the reason set forth below, the Court overrules Plaintiff's Objection and adopts the Amended Recommendation in its entirety.

The Magistrate Judge recommended dismissal of this action due to the Complaint's lack of compliance with Fed. R. Civ. P. 8, which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] Plaintiff's Complaint alleges, generally, that all of the Defendants somehow

---

[1] See Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).

[2] Although Plaintiff's Objection includes argument that the Rooker-Feldman doctrine does not apply in this case, the Magistrate Judge's Recommendation in fact did not apply Rooker-Feldman.

contributed to the removal of a storage container from Plaintiff's property and thereafter caused an "illegal" lien to be placed on his property. However, the Complaint does not set forth any facts which explain what each particular Defendant allegedly did to Plaintiff, when each Defendant allegedly did it, how each Defendant's actions harmed Plaintiff, and what specific legal right Plaintiff believes each particular Defendant violated.[3] The Court agrees with the Magistrate Judge that the Plaintiff's allegations are an "unintelligible and garbled collection of conclusory statements"[4] which fail to satisfy the pleading requirements of Rule 8.

Additionally, the United States Supreme Court held in Bell Atlantic Corp. v. Twombly[5] that in order to withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[7] and legal conclusions couched as factual allegations are insufficient.[8] "The plausibility standard is not akin to a 'probability requirement,' but

---

[3] See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

[4] Amended Recommendation (Doc. No. 93) at 4.

[5] 550 U.S. 544 (2007).

[6] Id. at 570.

[7] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

[8] See id. at 1949-50.

it asks for more than a sheer possibility that a defendant has acted unlawfully."[9]  Plaintiff in this case has failed to plead facts which give rise to a plausible claim of any particular legal violation by any particular Defendant.

Further, nothing in Plaintiff's responsive papers, or in his Objection to the Magistrate Judge's Amended Recommendation, indicates that Plaintiff could set forth factual allegations meeting the requirements of Rule 8 or Twombly in an amended pleading.  Indeed, Plaintiff states in his Objection that he cannot identify any Defendant's particular wrongful actions or inactions until he is allowed to engage in discovery.[10]  Plaintiff was required to plead facts stating a plausible claim for relief within his Complaint; it is not sufficient that he plead unintelligible facts in his Complaint and then commence discovery in order to see if some facts might exist which could support a plausible claim.[11]  The Court has construed Plaintiff's pleadings liberally, and concludes that dismissal of this action with prejudice is appropriate.

Defendants have not filed any objection to the Magistrate Judge's Order denying their requests for attorney's fees without prejudice.

Accordingly, it is

ORDERED that Plaintiff's Objection (Doc. No. 94) is overruled.  It is

---

[9] Id. at 1949 (quoting Twombly, 550 U.S. at 545).

[10] Plaintiff's Objection (Doc. No. 94) at 8.

[11] See Twombly, 550 U.S. at 562-63.

FURTHER ORDERED that the <u>Amended</u> Recommendation Of United States Magistrate Judge (Doc. No. 93) is adopted in its entirety. It is

FURTHER ORDERED that the following motions are granted: (1) the County Defendants' Motion To Dismiss (Doc. No. 27), (2) the Motion To Dismiss Or Alternative Motion For Summary Judgment And Motion For Attorney Fees (Doc. No. 30), (3) Defendant H&H Farms' Motion To Dismiss And Motion For Attorney Fees (Doc. No. 34), and (4) Defendant H&H Farms' Motion For Summary Judgment (Doc. No. 35). It is

FURTHER ORDERED that the Complaint and cause of action are dismissed with prejudice, the parties to pay their own costs and attorney's fees.

DATED at Denver, Colorado, this 20th day of October, 2010.

                BY THE COURT:

                _____
                ZITA LEESON WEINSHIENK, Senior Judge
                United States District Court